IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALFRED LADELL DAVIS, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>CAPPS BEHAVIOR & HEALTH, INC. )<br>and DANNY NIX, )<br>)<br>Defendants. ) | No. 2:20-cv-02507-JTF-atc |

**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE (ECF NO. 1),
DENYING LEAVE TO AMEND,
DISMISSING CASE IN ITS ENTIRETY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE,
AND ASSESSING FIRST STRIKE UNDER 28 U.S.C. § 1915(g)**

On July 9, 2020, Plaintiff Alfred Ladell Davis, who is presently incarcerated under booking number 18396-076 at West Tennessee Detention Facility in Mason, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On August 11, 2020, the Court granted him leave to proceed *in forma pauperis*.  (ECF No. 6.)

Plaintiff's complaint alleges violation of Tennessee's Patient Privacy Protection Act on June 12, 2020.  He names as Defendants: (1) Capps Behavior & Health, Inc. (CAAP)[1]; and (2)

---

[1] The Court construes Plaintiff's complaint as referencing Cocaine Alcohol Awareness Program, (CAAP), a non-profit organization at 4041 Knight Arnold Road in Memphis, Tennessee that operates as a behavioral health and co-occurring mental health disorder provider.  (*See* https://memphisaddictionhelp.org/places/memphis/intensive-outpatient/cocaine-and-alcohol-awareness-program-inc/*.*)

Danny Nix, Director of Resident Relations.[2]  (*Id*. at PageID 1 & 2.)  Davis seeks: (1) unspecified injunctive relief; (2) $500,000; (3) punitive damages; and (4) "public apology."  (*Id*. at PageID 7.)

I. **LEGAL STANDARDS**

    A. **Screening Requirements**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

---

[2] The complaint is reasonably construed as suing Nix, "Director of Resident Relations" (ECF No. 1 at PageID 1 & 2), in his capacity as a CAAP employee.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

    **B.**    **Requirements To State A Claim Under 42 U.S.C. § 1983**

Plaintiff filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**II.**    **ANALYSIS**

Davis alleges that Defendants "gave the U.S. Marshals access and information concerning my admissions to rehabilitation [at] the Rehabilitation Center, which caused the U.S. Marshals without a subpoena to arrest me, while I was in treatment, at the Rehab Center." (ECF No. 1 at

3

PageID 3; *see id.* at PageID 4 ("Mr. Nix gave the U.S. Marshals personal and medical intake information without a court order that caused my arrest at the facility").)

Even when the Court liberally construes Plaintiff's complaint here, his claims still fail. The reason is that he sues a private company and a private individual under § 1983.

To explain, "[a] § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1997). Generally, to have acted "under color of state law," an individual must be a state or local government official or employee. *See Public Utilities Comm'n of Dist. of Columbia v. Pollak,* 343 U.S. 451, 461 (1952). And a private party may act "under color of state law" when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). But Davis alleges none of this here.

CAAP and Nix are private citizens and do not act under color of state law. *See, e.g.*, *Ibrahim v. Harris*, No. 15-2616, 2015 WL 6511698, at *1 (W.D. Tenn. Oct. 7, 2015) (finding that defendant, an employee of CAAP, was a private party not subject to constitutional claims for due process violations). And Davis does not allege that Defendants acted with or received aid from state officials. What is more, Plaintiff does not allege an actual constitutional deprivation. Thus, because Plaintiff does not have a viable § 1983 claim, the Court **DISMISSES** this action **WITH PREJUDICE.**

### III. <u>AMENDMENT UNDER THE PLRA</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In fact, the Sixth Circuit prefers "liberality" in allowing amendment at the screening stage under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019). And the Court has also stated "[i]f it is at all possible that the party ... can ... state a claim for relief, the court should dismiss with leave to amend." *Id.* (internal quotation marks omitted).

Even so, the Court finds that this is the rare case where it would not be possible for the Plaintiff to amend his complaint to state a claim for relief. He sues only two defendants under § 1983 who are simply not state actors, as required by § 1983. So in this case, amendment would be futile, because Plaintiff does not have an actionable § 1983 claim even if he amends. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001). Therefore, Plaintiff should not be given the opportunity to amend his complaint, and the Court **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

### IV. <u>APPELLATE ISSUES</u>

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead

the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, the Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that if Plaintiff appeals in this matter, it would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee, if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). Therefore, the Court **ORDERS** that if Plaintiff wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

### V.   CONCLUSION

The Court **DISMISSES** Plaintiff's complaint **WITH PREJUDICE** for failure to state a claim on which relief can be granted, under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). Further, the Court **DENIES** leave to amend.

Because this case is **DISMISSED** in its entirety, the Court shall enter judgment. Finally, the Court assesses Plaintiff's first strike under § 1915(g), which shall take effect when the Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

**SO ORDERED**, this 7th day of April, 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
